IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| DELLA GOINES, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 4:11-03287 |
| | § | |
| THE CIT GROUP, FINANCE, | § | |
| ASSIGNOR, SELENE FINANCE LP, | § | |
| ASSIGNEE, MORTGAGE ELECTRONIC | § | |
| REGISTRATION SYSTEMS, INC. | § | |
| (MERS) SOLELY AS NOMINEE FOR | § | |
| CIT GROUP/CONSUMER FINANCE, | § | |
| INC., MORTGAGE ELECTRONIC | § | |
| SYSTEMS INC. (MERS) ACTING | § | |
| SOLELY AS NOMINEE FOR SRMOF | § | |
| 2009-1TRUST, | § | |
| | § | |
| Defendants. | § | |

ORDER

    Pending is Plaintiff Della Goines's application for a Temporary Restraining Order (Document No. 13). Plaintiff states that notice of this application was given to the other parties.[1] Plaintiff conclusorily asserts that "based on the sensitive issues at hand an Injunction and TRO should be granted to prevent irreparable damages."[2]

---

[1] Document No. 13 at 2.

[2] Id. at 1.

The Court may issue a temporary restraining order only if "specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition." FED. R. CIV. P. 65(b). In order to obtain preliminary injunctive relief a plaintiff must establish four elements: (1) a substantial likelihood of success on the merits; (2) a substantial threat that the movant will suffer irreparable injury if the injunction is denied; (3) that the threatened injury outweighs any damage that the injunction might cause the non-movant; and (4) that the injunction will not disserve the public interest. Sugar Busters LLC v. Brennan, 177 F.3d 258, 265 (5th Cir. 1999) (citing Hoover v. Morales, 164 F.3d 221, 224 (5th Cir. 1998)). If any one of these four elements is lacking, the party seeking the injunction cannot prevail. See Interox America v. PPG Indus., Inc., 736 F.2d 194, 198 n.2 (5th Cir. 1984). The decision to grant or deny preliminary injunctive relief is left to the sound discretion of the district court. Miss. Power & Light Co. v. United Gas Pipe Line Co., 760 F.2d 618, 621 (5th Cir. 1985). Such relief is an extraordinary remedy which should be granted only if the movant has clearly carried its burden of persuasion on all of the four factors. Id.; Allied Mktg. Grp., Inc. v. CDL Mktg., Inc., 878 F.2d 806, 809 (5th Cir. 1989) (citations omitted).

Plaintiff's application is neither verified nor supported by an affidavit, such as is required for the issuance of a TRO. Moreover, Plaintiff pleads no facts to support the issuance of a TRO or preliminary injunction. A mere conclusory statement that "an Injunction and TRO should be granted to prevent irreparable damages,"[3] even if verified, is wholly inadequate to satisfy the strict requirements for issuance of either a TRO or a preliminary injunction. Accordingly, it is

ORDERED that Plaintiff's application for a temporary restraining order, or a preliminary injunction (Document No. 13), is DENIED.

The Clerk will enter this Order and send copies to all parties of record.

SIGNED at Houston, Texas on this 21ST day of November, 2011.

EWING WERLEIN, JR.
UNITED STATES DISTRICT JUDGE

---

[3] Document No. 13 at 1.

3