```
            IN THE UNITED STATES DISTRICT COURT
            FOR THE SOUTHERN DISTRICT OF TEXAS
                     HOUSTON DIVISION
```

```
DELLA GOINES,                        §
                                     §
                                     §
        Plaintiff,                   §
                                     §
v.                                   §   CIVIL ACTION NO. H-11-03287
                                     §
THE CIT GROUP, FINANCE,              §
ASSIGNOR, SELENE FINANCE LP,         §
ASSIGNEE, MORTGAGE ELECTRONIC        §
REGISTRATION SYSTEMS, INC.           §
(MERS) SOLELY AS NOMINEE FOR         §
CIT GROUP/CONSUMER FINANCE,          §
INC., MORTGAGE ELECTRONIC            §
SYSTEMS INC. (MERS) ACTING           §
SOLELY AS NOMINEE FOR SRMOF          §
2009-1TRUST,                         §
                                     §
        Defendants.                  §
```

## MEMORANDUM AND ORDER

Pending in this wrongful foreclosure case are Defendants Vericrest Financial, Inc. ("Vericrest") and Mortgage Electronic Registration Systems, Inc.'s ("MERS") Motion to Dismiss Plaintiff's Complaint or, in the Alternative, Motion for More Definite Statement, and Brief in Support Thereof (Document No. 4), Vericrest and MERS's Motion to Strike and Brief in Support Thereof (Document No. 18), and Defendant Selene Finance, L.P.'s ("Selene") Motion to Dismiss or, in the Alternative, Motion for Summary Judgment (Document No. 5). Also pending are a number of motions, or what appear to be intended as motions, from *pro se* Plaintiff Della Goines seeking remand of this case to state court (Document Nos. 7,

12, 30). After having reviewed the motions, responses, and applicable law, the Court concludes as follows.

## I. Remand

Plaintiff filed her original petition in the 215th Judicial District Court of Harris County, Texas, raising various claims including and in connection with an alleged wrongful foreclosure.[1] Plaintiff named as defendants: The CIT Group, Finance Assignor; Selene Finance LP, Assignee; Mortgage Electronic Registration Systems Inc. (MERS) Solely as Nominee for CIT Group/Consumer Finance Inc., and Mortgage Electronic Registration Systems Inc. (MERS) Solely as Nominee for SRMOF 2009-1Trust.[2] Defendants Vericrest and MERS removed the case to federal court, with the consent of Selene, on the basis of diversity and federal question jurisdiction. Plaintiff now moves to have the case remanded to state court on the basis that complete diversity is lacking.[3] Plaintiff alleges that Vericrest, successor-in-interest to named Defendant CIT Group/Consumer Finance, Inc. (erroneously named CIT Group, Finance), is not a proper party to this suit because,

---

[1] Document No. 1, ex. A-1 (orig. cmplt.).

[2] Orig. cmplt. at 1.

[3] Document No. 7 at 1-2. Plaintiff does not challenge the diversity of Defendant MERS, Defendants' assertion that the amount in controversy meets the jurisdictional requirements, nor Defendants' assertion of federal question jurisdiction.

2

"[a]lthough the CIT Group has many subsidiaries, I . . . do not contest the validity, extent or priority of the mortgagee's Vericrest lien, and therefore it is not an issue."[4] Plaintiff further alleges that CIT Group/Consumer Finance and Selene Finance, L.P. both have Texas citizenship for purposes of diversity analysis, pointing to Houston business addresses for each and alleging that those addresses are their respective principal places of business.[5]

A defendant may remove to federal court a civil action over which the federal court has diversity jurisdiction. 28 U.S.C. §§ 1332(a), 1441(b). Federal district courts have diversity jurisdiction over civil actions in which "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between--(1) citizens of different States; (2) citizens of a State and citizens or subjects of a foreign state; (3) citizens of different States and in which citizens or subjects of a foreign state are additional parties; and (4) a foreign state . . . as plaintiff and citizens of a State or of different States." Id. at § 1332(a). When a plaintiff moves to remand for lack of jurisdiction, the burden of establishing jurisdiction and the propriety of removal rests upon the defendant.

---

[4] Id.

[5] Id. at 2-3. Plaintiff provides no support for the assertion that these locations are the principal places of business of Vericrest and Selene.

Carpenter v. Wichita Falls Indep. Sch. Dist., 44 F.3d 362, 365 (5th Cir. 1995); Dodson v. Spiliada Mar. Corp., 951 F.2d 40, 42 (5th Cir. 1992). A corporation is a citizen of the state where it is incorporated and the state where it has its principal place of business. 28 U.S.C. § 1332(c)(1). A corporation's principal place of business is "the place where the corporation's high level officers direct, control, and coordinate the corporation's activities." Hertz Corp. v. Friend, 130 S. Ct. 1181, 1186 (2010). For purposes of federal diversity jurisdiction, a limited partnership "is considered a citizen of every state of which a general or a limited partner is a citizen." Bankston v. Burch, 27 F.3d 164, 166 (5th Cir. 1994) (citing Carden v. Arkoma Assocs., 110 S. Ct. 1015, 1021 (1990)); *see also* Int'l Paper Co. v. Denkmann Assocs., 116 F.3d 134, 137 (5th Cir. 1997). The citizenship of a limited liability company "is determined by the citizenship of all of its members." Harvey v. Grey Wolf Drilling Co., 542 F.3d 1077, 1080 (5th Cir. 2008). Citizenship of an unincorporated association must be traced through each layer of the association, however many there may be. *See* Meyerson v. Harrah's E. Chicago Casino, 299 F.3d 616, 617 (7th Cir. 2002)(per curiam); *accord* Kinder Morgan Liquids Terminals, LLC v. Ponns & Co., No. CIV A H-06-3225, 2006 WL 3691192, at *2 (S.D. Tex. Dec. 12, 2006) (Rosenthal, J.).

In the notice of removal, Defendant Vericrest asserts that Vericrest is the successor-in-interest to CIT Group/Consumer

Finance, Inc.[6]  Plaintiff challenges Vericrest's involvement in the lawsuit in her motion to remand, but does not deny that CIT Group/Consumer Finance, Inc. is the name of the party she intended to sue.[7]  Defendants attach the Promissory Note and Deed of Trust in their response, noting that both list CIT Group/Consumer Finance, Inc. as the lender in this transaction.[8]  Vericrest provides affidavit testimony from Martha Ellis, Senior Vice President of Customer Service and custodian of records, asserting that Vericrest is the successor-in-interest to CIT Group/Consumer Finance, Inc.[9]  The affidavit also states that Vericrest is incorporated in Delaware and has its principal place of business in Oklahoma.[10]  Also included is an affidavit from Carter Nicholas, Senior Vice President and custodian of records at Selene, stating

---

[6] Document No. 1 at 1.

[7] Document No. 7 at 1-2.

[8] Document No. 10 at 6, exs. 1.A & 1.B.

[9] Document No. 10 at 6, ex. 1 at 2.  To determine whether diversity exists, courts look beyond the named parties and consider the citizenship of the real party in interest.  Navarro Sav. Ass'n v. Lee, 100 S. Ct. 1779, 1781 (1980).

[10] Document No. 10, ex. 1 at 2.  In support of the latter contention, Ms. Ellis states that Vericrest's President, Chief Operations Officer, and Executive Vice President for Loan Servicing all maintain offices at the Oklahoma address; that the Executive Vice President for Loan Servicing directs, controls, and coordinates Vericrest's business activities from that office; and that Vericrest considers this office to be its principal place of business.  Id.

that all of the partners in Selene, which is a limited partnership, are diverse.[11]

The uncontroverted affidavits submitted in Defendants' response are sufficient to establish Vericrest as successor-in-interest to CIT Group/Consumer Finance, Inc., and the diversity of Vericrest and Selene for purposes of federal diversity jurisdiction. *See, e.g.*, Cronin v. State Farm Lloyds, Civ. A. No. H-08-1983, 2008 WL 4649653, at *1 (S.D.Tex. Oct. 10, 2008) (Lake, J.) ("If the requirements for federal jurisdiction are not apparent on the face of the plaintiff's state court petition, the removing defendant may present facts and evidence in its notice of removal or by affidavit to establish that jurisdiction existed at the time of removal"); Brown v. Firestone Complete Auto Care, Civ. A. No. 5:10-cv-0036-DCB-JMR, 2010 WL 4666059, at *2 (S.D. Miss. Nov. 9, 2010) (finding that a declaration was "competent evidence for the purpose of determining [defendant's] citizenship"); Pittman v. Monumental Life Ins. Co., No. 2:97cv250-B-B, 1998 WL 378359, at *1 (N.D. Miss. May 11, 1998) (finding that affidavits were sufficient to establish complete diversity of citizenship). Defendants have satisfied, both in their initial notice of removal and their

---

[11] Document No. 10, ex. 2 at 2. The affidavit states that the sole general partner of Selene is Selene Ventures GP, LLC, which is a Delaware limited liability company, none of whose members are citizens of Texas, and that the sole limited partner of Selene is Selene Ventures LLC, a Delaware limited liability company, none of whose members are citizens of Texas. Id.

subsequent elaboration on diversity in response to the motion, their burden of proving that this Court properly has jurisdiction based on 28 U.S.C. § 1332. Therefore, Plaintiff's Motion to Remand (Document No. 7), Notice of Motion - Change of Venue (Document No. 12), and Motion to Strike (Document No. 30),[12] which are all substantively duplicative, are denied.

## II.   Motions to Dismiss

A.   Vericrest and MERS

Vericrest and MERS move to dismiss and also move to strike Plaintiff's filing entitled "Amendment Plaintiff's Plea to the Original Jurisdiction and Original Complaint: Notice of Motion for Change in Venue." In the motion to strike, Vericrest and MERS ask the Court to strike Plaintiff's filing or, in the alternative, clarify that it does not constitute an amended pleading because Plaintiff did not seek leave of Court or the consent of the parties.[13] Vericrest and MERS are correct that time had expired for Plaintiff to amend as a matter of right under Rule 15(a)(1), and that Plaintiff filed her amended pleading without leave of Court and without consent of the parties as required by Rule 15(a)(2).

---

[12] Although entitled "Motion to Strike," the substance of the motion seeks remand. Plaintiff seeks "an order from the Court striking Defendant's Notice and Consent to Removal." Document No. 30 at 1.

[13] Document No. 18 at 2.

FED. R. CIV. P. 15(a).  The Court therefore grants Vericrest's and MERS's motion to strike Document No. 17.[14]  Further, "Plaintiff's Amended and Supplemental Pleadings" (Document No. 27), which was likewise not filed with leave of Court, is stricken for failing to comply with Rule 15(a)(2).  The live pleading in this case remains Plaintiff's original complaint filed in state court, and the Court therefore considers Vericrest's and MERS's motion to dismiss with respect to that pleading.

Rule 12(b)(6) provides for dismissal of an action for "failure to state a claim upon which relief can be granted."  FED. R. CIV. P. 12(b)(6).  When a district court reviews the sufficiency of a complaint before it receives any evidence either by affidavit or admission, its task is inevitably a limited one.  *See* Scheuer v. Rhodes, 94 S. Ct. 1683, 1686 (1974), *abrogated on other grounds by* Harlow v. Fitzgerald, 102 S. Ct. 2727 (1982).  The issue is not whether the plaintiff ultimately will prevail, but whether the plaintiff is entitled to offer evidence to support the claims.  Id.  In considering a motion to dismiss under Rule 12(b)(6), the district court must construe the allegations in the complaint favorably to the pleader and must accept as true all well-pleaded facts in the complaint.  *See* Lowrey v. Tex. A&M Univ. Sys., 117 F.3d 242, 247 (5th Cir. 1997).  To survive dismissal, a

---

[14] Vericrest's and MERS's motion is denied as to Document No. 15 because the Court already ruled on that motion, in which Plaintiff sought preliminary injunctive relief.  Document No. 16.

complaint must plead "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 127 S. Ct. 1955, 1974 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009). While a complaint "does not need detailed factual allegations . . . [the] allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." Twombly, 127 S. Ct. at 1964-65 (citations and internal footnote omitted).

Plaintiff's original complaint focuses solely on Selene. Plaintiff mentions Vericrest only once in stating that she listed both Selene and Vericrest as creditors when she filed for bankruptcy.[15] Plaintiff's only mention of MERS in her Complaint is that she "received a Notice of Substitute Trustee's Sale from Mann & Stevens, P.C. identifying Selene Finance L.P. as servicer representing the mortgage of said Promissory Note MERS, Inc[.], As Nominee for SRMOF 2009-1 Trust."[16] Plaintiff does not assert any claims against either of these defendants. Because Plaintiff's original complaint wholly fails to state a claim upon which relief

---

[15] Document No. 1, ex. A-1 at 4.

[16] Id., ex. A-1 at 3.

can be granted against Vericrest and MERS, the motion to dismiss is granted.  In considering whether Plaintiff should be allowed an opportunity to file an amended complaint against these defendants, the Court looks to her latest attempt to file such an amendment, in which she states that she has no complaint with Vericrest and did not intend nor want to involve Vericrest in the present lawsuit.[17]  Furthermore, Plaintiff alleges no claims against MERS.  Defendants Vericrest and MERS will therefore be dismissed.

B.  Selene

Also pending is Selene's Motion to Dismiss or, in the Alternative, Motion for Summary Judgment (Document No. 5).  Selene is referred to in the original complaint as "Defendant," and, despite MERS and CIT Group being named as parties in the style, Selene is the only party against whom Plaintiff makes allegations.  Plaintiff's Complaint lacks clarity, but vaguely asserts an alleged separation of the note and deed of trust,[18] identifies Selene as the loan servicer, and alleges wrongful foreclosure of her residence.  Plaintiff states that she "received a Notice of Substitute

---

[17] Document No. 27 at 5.

[18] Id., ex. A-1 at 2-3.  Plaintiff states that "The note, submitted by 'Defendant' assignment of lien was e-filed and e-recorded 1/12/2011 and mortgage, 'Defendant' e-filed & e-recorded assignment of mortgage on 8/20/2010.  An assignment of the note carries the mortgage with it, while an assignment of the latter alone is a nullity." Id., ex. A-1 at 2.

Trustee's Sale from Mann & Stevens, P.C. identifying Selene Finance L.P. as servicer representing the mortgage of said Promissory Note MERS Inc, as Nominee for SRMOF 2009-1 Trust."[19] Plaintiff further alleges that "key documents" were fraudulently signed by Carter Nicholas, the Vice President of Selene.[20]

    A loan servicer may foreclose on a house despite not being an owner or holder of the note or deed of trust.  *See* TEX. PROP. CODE § 51.0025 (West 2007).  Plaintiff's pleadings allege that she was given notice that Selene was acting as a loan servicer on behalf of the mortgagee.[21]  These facts alone do not constitute a claim for wrongful foreclosure.  Plaintiff's bare assertion that the ownership of the note and deed of trust have been separated does not state a claim against Selene without pleading facts to raise the claim above mere speculation.  Furthermore, fraud must be pled with specificity under Rule 9(b).  FED. R. CIV. P. 9(b).  Plaintiff has not pled any particular circumstances that constituted fraud, but conclusorily asserts without any specific facts that the Vice President of Selene fraudulently signed documents.  In sum, Plaintiff's original complaint fails to state a claim upon which relief can be granted against Selene.

---

[19] Id., ex. A-1 at 3.

[20] Id., ex. A-1 at 2.

[21] Id., ex. A-1 at 3.

Even though Plaintiff's original petition fails to state a claim for which relief can be granted, the Court has examined Plaintiff's subsequent filings, construing them as proposed amended complaints, to determine if she should be allowed to replead. Plaintiff's later filings also attack the ownership of the note and allege separation of the note and deed of trust. Plaintiff attached the deed of trust, note, and two assignments to her motion for a temporary restraining order or preliminary injunction,[22] which the Court denied on November 30, 2011. That motion and the attached documents expand upon the substance of Plaintiff's complaint. The Note and Deed of Trust identify the lender as The CIT Group/Consumer Finance, Inc.[23] The Deed of Trust provides:

> Borrower understands and agrees that MERS holds only legal title to the interests granted by Borrower in this Deed of Trust, but, if necessary to comply with law or custom, MERS (*as nominee for Lender and Lender's successors and assigns*) has the right: to exercise any or all of those interests, including, but not limited to, the right to foreclose and sell the Property; and to *take any action required of Lender* including, but not limited to, releasing and canceling this Security Instrument.[24]

There is an August 2010 Assignment of Mortgage from MERS acting solely as nominee for the CIT Group/Consumer Finance, Inc. to

---

[22] Document No. 15.

[23] Document No. 15, ex. A at 15-1 at 11, 13.

[24] Id., ex. A at 15-1 at 13.

Selene Finance LP, and then a January 2011 assignment from Selene to MERS as Nominee for SRMOF 2009-1 Trust.[25]

The Deed of Trust expressly confers upon MERS the authority to assign the Deed of Trust. The Deed of Trust not only designates MERS as beneficiary, but also names MERS as the nominee for Lender and Lender's successors and assigns,[26] with express authority for MERS "to foreclose and sell the Property; and to take *any action required of Lender* including, but not limited to, releasing and canceling this Security Instrument."[27] MERS, therefore, as nominee for Lender or its successor or assignee, or a loan servicing agent acting under authority of the mortgagee, has the right to foreclose on the property and the power of sale. *See* Richardson, 2010 WL 4818556, at *5 ("Under Texas law, where a deed of trust, as here, expressly provides for [a party] to have the power of sale, then [that party] has the power of sale." (citing Athey v. MERS, 314 S.W.3d 161, 166 (Tex. App.--Eastland 2010, pet. denied) (holding that MERS had the authority to foreclose on the property as mortgagee under the Deed of Trust even though it was not the holder of the note))).

Consequently, because the Deed of Trust authorized MERS to foreclose, sell, and "to take any action required of the Lender,"

---

[25] Id., ex. A at 15-1 at 24-28.

[26] Id., ex. A at 15-1 at 13.

[27] Id. at 3 (emphasis added).

Plaintiff's implied challenge of MERS's assignment is baseless. *See* James v. Wells Fargo Bank, N.A., No. 3:11-CV-2228-B, 2012 WL 778510, at *3 (N.D. Tex. Mar. 12, 2012) (Boyle, J.)(where, as here, the Deed of Trust expressly provides for MERS to have the power of sale, and MERS is the nominee for the lender and its successors and assigns, "MERS had the authority to transfer the rights and interests in the Deed of Trust"); Dubrock v. GMAC Mortgage LLC, No. 4:11CV324, 2012 WL 629397, at *1 (E.D. Tex. Feb. 27, 2012) ("Various opinions within the Fifth Circuit have rejected Plaintiff's argument that MERS' assignment of the mortgage was invalid and, without any factual distinctions by Plaintiff here, the Court declines to re-plow well harvested ground.").

Plaintiff's suggestion of a split in the note and deed of trust is unavailing. The broad authority conferred upon MERS in the Deed of Trust to act in exercising "any and all" of Lender's interests has been observed above. Moreover, "a transfer of an obligation secured by a note also transfers the note because the deed of trust and note are read together to evaluate their provisions. . . . In short, there is no merit to Plaintiffs' argument that the Deed of Trust and Note were split, rendering any attempted foreclosure defective." Bell, 2012 WL 568755, at *4 (quoting Cannon v. JP Morgan Chase Bank, N.A., No. 4:11-CV-458, 2011 WL 6838615, at *5 (E.D. Tex. Nov. 16, 2011) (internal citations omitted)); *see also* Eskridge, 2011 WL 2163989, at *5.

Both assignments were notarized and bear no indicia of fraud, nor does Plaintiff plead facts regarding a fraudulent signature to "raise a right to relief above a speculative level." Twombly, 127 S. Ct. at 1965.  Plaintiff's mere assertion that a document is fraudulent is a legal conclusion "not entitled to the assumption of truth."[28]  Iqbal, 120 S. Ct. at 1950.  Overall, Plaintiff's allegations against Selene do not state a claim upon which relief can be granted.  The Court has read Plaintiff's subsequent attempts to file amended complaints without requesting leave of Court and concludes that they make the same arguments that are rejected above.  Therefore, Plaintiff's claims are dismissed with prejudice.

### III. Order

Accordingly, it is

ORDERED that Plaintiff's Motion to Remand (Document No. 7), Notice of Motion - Change of Venue (Document No. 12), and Motion to Strike and Brief in Support Thereof (Document No. 30) are DENIED; Defendant Vericrest Financial, Inc.'s and Mortgage Electronic Registration Systems, Inc.'s Motion to Strike (Document No. 18) is

---

[28] In her motion for preliminary injunctive relief, Plaintiff relies on an alleged discrepancy in the job title of Carter Nicholas.  In his affidavit attached to the response to Plaintiff's remand motion, he stated he was Senior Vice President for Selene, whereas in the Assignment of Lien Nicholas lists his title as "VP".  Document No. 15 at 9.  This discrepancy, to the extent that it can be called one, is clearly not sufficient to state a claim for fraud.

GRANTED, and Plaintiff's Motion to Change Venue to State Court (Document No. 17) is STRICKEN; Plaintiff's Amended and Supplemental Pleadings (Document No. 27) is STRICKEN; Defendants Vericrest Financial, Inc.'s and Mortgage Electronic Registration Systems, Inc.'s Motion to Dismiss(Document No. 4) is GRANTED and all claims against these defendants are DISMISSED with prejudice; and Defendant Selene Finance, LP's Motion to Dismiss is GRANTED and all claims against Selene are DISMISSED with prejudice.

    The Clerk will enter this Order and send a copy to all counsel of record.

    SIGNED at Houston, Texas on this 1st day of May, 2012.

                                                _____
                                                  EWING WERLEIN, JR.
                                                 UNITED STATES DISTRICT JUDGE